**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 26-CR-3416-MIS

CATHERINE IVONNE HERRERA and
CRISTHIAN EDWARD FUNDORA-HERNANDEZ,

Defendant.

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE**

THIS MATTER is before the Court on Defendants Catherine Ivonne Herrera and Cristhian Edward Fundora-Hernandez's ("Defendants") Joint Objection to the Government's Exhibit List, filed on September 16, 2026, which included a Motion to Exclude ("Motion"). ECF No. 52. Defendants and the Government argued the objection at the Pretrial Conference on September 21, 2026. Tr. of Hr'g of Sep. 21, 2026, at 8:12 – 32:10.[1] Upon review of Defendants' Motion, the record, and the relevant law, the Court will **GRANT IN PART** Defendants' Motion.[2]

## I. Background

On July 17, 2026, Defendants were indicted under 8 U.S.C. § 1324(a)(1)(A)(v)(I) for conspiring to transport illegal aliens. Indictment, ECF No. 22. In the following weeks, the Court began issuing discovery orders in preparation for a September jury trial. The Court's Discovery Order as to Defendant Herrera, issued August 5, 2026, required that "within 14 days of the entry

[1] The Court cites to the Court reporter's original rough draft of the hearing transcript. Any final transcript may contain slightly different page and/or line numbers.

[2] Just prior to the Court's filing of this Order, the Government filed a Supplemental Response in Opposition to Defendants' Omnibus Motion in Limine, ECF No. 63, which is also effectively a Response to Defendants' Objections to Exhibit list, ECF No. 52. The Court, having decided and ruled on the issue at oral argument during a Hearing on September 21, 2026, did not consider the Government's supplemental briefing in this Order as the Order is intended purely to provide greater explanation as to the Court's prior ruling.

of this Order, the Government shall provide to the Defendant's Attorney without motion the discovery to which the Defendant is entitled," making discovery due on August 19, 2026. ECF No. 30 at 1-2. The Court's Discovery Order as to Defendant Fundora-Hernandez, issued July 30, 2026, required the Government to disclose "within 14 days of the entry of this Order, the Government shall provide to the Defendant's Attorney without motion the discovery to which the Defendant is entitled," making discovery due on August 13, 2026. ECF No. 27 at 1-2. The Government did not disclose its Exhibits 7 through 14 and Exhibits 16 and 17 until September 10, 2026. Mot. at 6-14, ECF No. 52. The Government also had not disclosed Exhibits 1 through 6 and Exhibit 15 by the time Defendants filed their Motion on September 16, 2026. *Id.* at 1-5, 13.

Defendants object to the Government's Exhibits 1 through 17 as untimely in violation of Federal Rule of Criminal Procedure 16 and the Court's Discovery Order. *Id.* At oral argument, Defendants also objected to Government's Exhibits 18 through 21, all of which were disclosed around the time the Government filed an updated exhibit list on September 18, 2026. Exhibit List, ECF No. 58. Therefore, Defendants ask the Court to exclude all evidence that was disclosed after the Discovery Order deadline, as well as all evidence that has yet to be disclosed. Mot. at 15.

## II. Legal Standard

"There are three principal factors that a district court should consider in determining the appropriate sanction for violating a scheduling order: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) 'the feasibility of curing the prejudice with a continuance.'" *United States v. Yepa*, 608 F. App'x 672, 677 (10th Cir. 2015) (citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

"But these 'three factors merely guide the district court and do not dictate the bounds of the court's discretion.'" *Id.* (citing *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997)). "And while '[t]he court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order,'" *id.* at 677-78 (citing *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999)), "in some circumstances a district court may 'suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced,'" *id.* at 678 (alteration in original) (citing *Wicker*, 848 F.2d at 1061). "This is because our admonition that a continuance is preferred 'does not mean that a continuance is necessary just because it will cure the prejudice.'" *Id.* (citing *Russell*, 109 F.3d at 1512).

**III. Analysis**

Defendants argue that all discovery material provided after August 19 is untimely and should be excluded. *See generally* Mot. More specifically, Defendants argue they are especially prejudiced by the late disclosure of body worn camera videos of Defendants' encounters with Border Patrol, the notes and reports regarding Defendants' alleged post-*Miranda* confessions, and the A-File of the undocumented individual who was apprehended with Defendants and has since been deported. *See* Tr. of Hr'g of Sep. 21, 2026 at 10:2-12:22. For example, Defendants argue that the late disclosure (1) required them to translate body worn camera videos at the eleventh hour, (2) prevented them from being able to properly subpoena any border patrol officers involved with the case, and (3) deprived them of an opportunity to examine the context and circumstances of Defendants supposed *Miranda* waiver and alleged confessions, thus preventing them from being able to timely file a motion to suppress. *See id.* Moreover, Defendants note, the Government provided no explanation for its refusal to comply with the discovery deadline, nor did the

Government even make a request to appropriate agencies for documents Defendants requested until nine days after the discovery deadline. *See id.* at 8:24-9:9 ("[W]e did a very specific and detailed request for discovery on the 15th Your Honor. And in that request, we did that ahead of the deadline to point out these are things that we still need in order to meet all of the rest of the deadlines that the Court has … The best they can give you is nine days after the discovery request was done is when they decided to e-mail and ask[.]").

The Government argues that because it continued to produce discovery as it went along, the Government did not engage in bad faith with respect to the Court's discovery deadlines. *See id.* at 13:22-24. Further, the Government notes that the AUSA previously assigned to the case also made a request to federal agencies for discovery materials on August 11, but never received a response. *See id.* at 13:5-8.[3] Additionally, the Government argues that Defendants' confessions were included in the initial Complaint and the narrative of those confessions, although not verbatim, are "substantially the same" as the confessions they were presented in the reports provided after the discovery deadline. *See id.* at 14:6-23 ("In the Complaint, there was an initial report laying out the circumstances of the apprehension, the initial discovery does not have the addendum which includes the statements taken by the defendants by [federal agents] but that information is substantially the same as what's in the Complaint."). Lastly, the Government alleges that the Defendants effort to seek exclusion for the untimely disclosures is an act of "gamesmanship" because elsewhere in the District Defendants facing similar disclosure issues

[3] The Court notes that the Prosecutor currently assigned to the case has acted diligently in seeking to comply with the Government's discovery obligations since taking over the case. *See* Tr. of Hr'g of Sep. 21, 2026 at 18:4-12. Unfortunately his predecessor, however, did not.

have requested a continuance of trial, whereas Defense counsel here has made no request. *See Id.* at 15:4-23.[4]

As to the first factor relevant to the Court's analysis under *Wicker* and its progeny, the reason for delay, "exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for a delay," *Yepa*, 608 F. App'x at 678 (citations omitted), "[b]ut [Tenth Circuit] case law also establishes that negligence alone can justify excluding evidence," *id.* Here, the Government did not make a request to federal agencies for relevant material until at best a week before the discovery deadline and, after receiving no response, failed to follow up with federal agencies until August 28 despite receiving multiple requests from Defense Counsel for additional discovery materials. *See* Tr. of Hr'g of Sep. 21, 2026 at 3:13-9:22. Thus, the Government negligently failed to adequately pursue responding to discovery requests until after the Court's discovery deadline had passed. Further, the Government upon realizing it was not meeting discovery deadlines failed to notify the Court and made no request for an extension of the discovery deadline. *See id.* at 17:11-18:12. Moreover, the Government concedes that all of the evidence relevant to this case was possessed by someone in a branch of the federal government yet could not provide an explanation when asked why those individuals failed to provide discoverable material faster. *See id.* at 5:18-6:3 ("I don't know. We made several requests by e-mail. And like I said, we eventually just called everybody [agents] into the office."). Therefore, the Government did not sufficiently explain why it waited so long to more aggressively follow up with federal agencies regarding its discovery obligations. *Id.* As in *Wicker*, where the prosecution failed to follow up on a single request for an expert report disclosure, resulting in disclosure

---

[4] The Court summarily rejects the Government's gamesmanship argument in the instant case due to the specific facts of the case. However, in cases where there are questions as to the good faith nature of Defendants' requests/efforts, issues of actual gamesmanship should be brought to the Court's attention.

immediately before trial and exclusion for negligence, 848 F.2d at 1060-62, the Government's untimely disclosure here is at best negligent and warrants exclusion. *See also United States v. Red Elk*, 185 F. App'x 716, 725 (10th Cir. 2006).

As to the second factor, extent of prejudice to the other party, "prejudice requires that a delay impact the defendant's ability to prepare or present his case." *Yepa*, 608 F. App'x at 679 (citing *United States v. Golyansky*, 291 F.3d 1245, 1250 (10th Cir. 2002); *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)). Here, Defendants assert that they have been prejudiced by the late disclosure because, inter alia, it prevented or otherwise limited their ability to subpoena relevant witnesses and challenge the adequacy of Defendants' alleged *Miranda* waiver. *See* Tr. of Hr'g of Sep. 21, 2026 at 11:4-8 ("We did not have any indication of their advisement of their rights, other than it was in the report. So, we are unable to do a motion to suppress any of their statements based on the inadequacies of that 214."). The Government's response that the Complaint included a summary of Defendants' post-*Miranda* statements that was "substantially the same" as those provided in additional untimely disclosed reports does not adequately address these concerns. For one, the narrative recap included in the Complaint provides virtually no detail as to the context and situation of Defendants' waiver and provides little insight into whether Defendants actually acknowledged and comprehended what a waiver entailed. Moreover, Defendants disagree as to the substantial similarity between the statements as they appear in the Complaint when compared to additional reports, noting that the statements in the additional reports talk about specific amounts of money, and how money was paid and split at various periods of time. *See id.* at 19:5-7; *see also id.* at 12:16-20 ("Some of the late disclosure is different versions and notes regarding my client's own statements, which those are very important for me to be able to prepare for trial, prepare a defense[.]").

Upon reviewing the Complaint and the late disclosure addendum reports, the Court notes that the latter reports present a similar general narrative but include an abundance of detail about payment, motive, and travel plans. The Court finds Defendants are prejudiced by the Government's late disclosure of all the evidence but particularly prejudiced by the reports that include the more robust post-*Miranda* statements because the specificity of those statements provide significantly more detail as to the alleged conspiracy and travel plans, as well as foreclose certain defenses and provide a greater narrative insight into why Defendants ended up at the checkpoint to begin with. The Defendants are prejudiced by the Government's late disclosure and this factor points towards exclusion.

"The third Wicker factor asks whether a continuance is feasible and can cure the prejudice to a defendant." *Yepa*, 608 F. App'x at 679. Although a continuance is "typically the appropriate remedy . . . the district court may consider the impact of a continuance on the court's calendar, on the jurors, on the integrity of a court's orders, and whether a continuance might create other problems." *Id.* (citing *Wicker*, 848 F.2d at 1061).

Here, a continuance would (1) negatively impact the Court's calendar, which is currently setting trials into the new year, (2) would inconvenience the dozens of jurors summoned from across southern New Mexico for a trial beginning in six days, (3) would undermine the integrity of the Court's Orders by allowing late discovery, especially as the late discovery was of immigration information and immigration cases make up the majority of the Court's criminal docket,[5] and (4) would extend one of the Defendant's time in pretrial incarceration.[6] *See id.* at 680.

---

[5] This Court handles hundreds of immigration cases annually and, as such, a failure to comply with scheduling deadlines makes managing those cases impracticable.

[6] The Court notes that continuances can also be highly prejudicial to defendants who are eligible for time served sentences. For example, in the instant case the Parties indicated that one of the Defendants is likely eligible

The Government's Exhibits 7 through 21 are therefore excluded and the Government's witnesses are not permitted to rely on material disclosed after the discovery deadline in their testimony. Exhibits 1 through 6, which include photographs of NM-185 highway and its border checkpoint and satellite maps of Doña Ana County are not excluded because they are public images that were available to both Parties prior to the discovery deadline.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendants Catherin Ivonne Herrera and Cristhian Edward Fundora-Hernandez's Joint Motion to Exclude, ECF No. 52, is **GRANTED IN PART** consistent with this Order. All evidence provided after the Discovery Order deadline is hereby excluded.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

for time served. *See* Tr. of Hr'g of Sep. 21, 2026 at 65:2-12 ("[T]he two defendants did two different things. We never waived and that's why the indictment happened quickly… any delay at this point, my client continues to sit in custody, and from every calculation I have, he would be a time served sentence[.]").